Seth Ptasiewicz (SP8875)
**KROLL HEINEMAN CARTON, LLC**
Metro Corporate Campus I
99 Wood Avenue South, Suite 307
Iselin, New Jersey 08830
Tel: (732) 491-2100
Fax: (732) 491-2120
*Attorneys for Defendant Joint Welfare Fund Local Union No. 164 I.B.E.W.*
*(Improperly pled as IBEW Local Union 164)*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC. a/s/o STEPHEN DARE; IN-BALANCE HEALTH, LLC a/s/o STEPHEN DARE; and FERRARO SPINE AND REHAB a/s/o STEPHEN DARE, <br><br> Plaintiffs, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NJ; IBEW LOCAL UNION 164; ABC CORP. (1-10)(said names being fictitious and unknown entities), <br> Defendants. | Civil Action No.: 12-cv-3732(SRC)(MAS) <br><br> CIVIL ACTION <br><br> **ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Joint Welfare Fund Local Union No. 164 I.B.E.W.(Improperly pled as IBEW Local Union 164)(hereinafter "Defendant") by and through its attorneys, Kroll Heineman Carton, LLC, hereby Answer the Complaint of Plaintiffs as follows:

### AS AND FOR THE PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore Defendant leaves Plaintiffs to their proofs.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore Defendant leaves Plaintiffs to their proofs.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore Defendant leaves Plaintiffs to their proofs.

4. Admits the allegations contained in paragraph 4 of the Complaint.

5. To the extent paragraph 5 of the Complaint is directed to Local Union 164 it is denied.

6. To the extent paragraph 6 of the Complaint is directed to Local Union 164 it is denied.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore Defendant leaves Plaintiffs to their proofs.

8. Neither admits nor denies the allegations contained in paragraph 8 of the Complaint as said allegations are not directed towards this Defendant.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore Defendant leaves Plaintiffs to their proofs.

## AS AND FOR THE SUBSTANTIVE ALLEGATIONS

10. To the extent paragraph 10 of the Complaint is directed to Local Union 164 it is denied.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore Defendant leaves Plaintiffs to their proofs.

12. Neither admits nor denies the allegations contained in paragraph 12 of the Complaint as said allegations constitute conclusions of law as to which no response is required.

13. Neither admits nor denies the allegations contained in paragraph 13 of the Complaint as said allegations are not directed towards this Defendant.

14. Neither admits nor denies the allegations contained in paragraph 14 of the Complaint as said allegations are not directed towards this Defendant.

15. Neither admits nor denies the allegations contained in paragraph 15 of the Complaint as said allegations are not directed towards this Defendant.

16. Neither admits nor denies the allegations contained in paragraph 16 of the Complaint as said allegations are not directed towards this Defendant.

17. To the extent that paragraph 17 of the Complaint is directed at Local 164 it is denied.

18. To the extent that paragraph 18 of the Complaint is directed at Local 164 it is denied.

19. Admits the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

## AS AND FOR THE FIRST COUNT

21. Defendant repeats and realleges the responses contained in paragraphs 1 through 20 of this Answer as if fully stated herein.

22. Neither admits nor denies the allegations contained in paragraph 22 of the Complaint as said allegations are not directed towards this Defendant.

23. Neither admits nor denies the allegations contained in paragraph 23 of the Complaint as said allegations are not directed towards this Defendant.

24. Neither admits nor denies the allegations contained in paragraph 24 of the Complaint as said allegations are not directed towards this Defendant.

25. To the extent that paragraph 25 a through e inclusive is directed towards Local 164 it is denied.

## AS AND FOR THE SECOND COUNT

26. Defendant repeats and realleges the responses contained in paragraphs 1 through 25 of this Answer as if fully stated herein.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. To the extent that paragraph 30 a through e inclusive is directed towards Local 164 it is denied.

## AS AND FOR THE THIRD COUNT

31. Defendant repeats and realleges the responses contained in paragraphs 1 through 30 of this Answer as if fully stated herein.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore Defendant leaves Plaintiffs to their proofs.

33. To the extent that paragraph 33 of the Complaint is directed to Local 164 it is denied.

34. To the extent that paragraph 34 of the Complaint is directed to Local 164 it is denied.

35. To the extent that paragraph 35 of the Complaint is directed to Local 164 it is denied.

36. To the extent that paragraph 36 of the Complaint is directed to Local 164 it is denied.

37. To the extent that paragraph 37 of the Complaint is directed to Local 164 it is denied.

38. To the extent that paragraph 38 a through e inclusive is directed towards Local 164 it is denied.

## AS AND FOR THE FOURTH COUNT

39. Defendant repeats and realleges the responses contained in paragraphs 1 through 38 of this Answer as if fully stated herein.

40. To the extent that paragraph 40 of the Complaint is directed to Local 164 it is denied.

41. To the extent that paragraph 41 of the Complaint is directed to Local 164 it is denied.

42. To the extent that paragraph 42 of the Complaint is directed to Local 164 it is denied.

43. To the extent that paragraph 43 of the Complaint is directed to Local 164 it is denied.

44. To the extent that paragraph 44 a through e inclusive is directed towards Local 164 it is denied.

## AS AND FOR THE FIFTH COUNT

45. Defendant repeats and realleges the responses contained in paragraphs 1 through 44 of this Answer as if fully stated herein.

46. To the extent that paragraph 46 of the Complaint is directed to Local 164 it is denied.

47. To the extent that paragraph 47 of the Complaint is directed to Local 164 it is denied.

48. To the extent that paragraph 48 a through e inclusive is directed towards Local 164 it is denied.

## AS AND FOR THE SIXTH COUNT

49. Defendant repeats and realleges the responses contained in paragraphs 1 through 48 of this Answer as if fully stated herein.

50. To the extent that paragraph 50 of the Complaint is directed to Local 164 it is denied.

51. To the extent that the WHEREFORE clause of the Sixth Count of the Complaint a through e inclusive is directed towards Local 164 it is denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Any state law claims are pre-empted by Section 514(a) of Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1144(a), which states that "the provisions of [ERISA] . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. 1144(a). Plaintiff's state law claims alleging that Defendants wrongly denied the Plaintiff coverage relating to its ERISA plan are therefore preempted under Section 514(a)

3. Plaintiffs are not entitled to a trial by jury.

4. Plaintiffs have failed to join an indispensable party.

5. Defendant is not a proper party to this lawsuit.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice and awarding Defendant its attorneys' fees and costs in having to defend this action.

**KROLL HEINEMAN CARTON, LLC**
Attorney for Defendant *Joint Welfare Fund Local Union No. 164 I.B.E.W.*
*(Improperly pled as IBEW Local Union 164)*

By: *s/ SETH PTASIEWICZ*
SETH PTASIEWICZ

Dated: July 2, 2012

6

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that on the 2nd day of July 2012, I caused the above Answer to be served upon all counsel of record via the Court's Electronic Case Filing System.

I declare under penalty of perjury that the foregoing is true and correct.

                                              _s/ Seth Ptasiewicz
                                              Seth Ptasiewicz

.